**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| L-3 SERVICES INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| UNITED STATES, | ) | No. 08-432 |
| Defendant, | ) | (Judge Sweeney ) |
| and | ) | |
| BOOZ ALLEN HAMILTON, INC. | ) | |
| Movant for Intervention. | ) | |

**BOOZ ALLEN HAMILTON'S MOTION TO INTERVENE**

Pursuant to RCFC 24, Booz Allen Hamilton Inc. ("BAH") respectfully requests that it be permitted to intervene in this bid protest.

**1.** L-3 Services Inc. ("L-3") has challenged the award of five task order contracts by the Department of Defense ("DOD") Army Contracting Agency-Information Technology, E-Commerce and Commercial Contracting Center ("Army or ITEC-4") under Solicitation W91QUZ-07-R-0007. The solicitation seeks program management support services for the U.S. Army Program Executive Office-Enterprise Information Systems ("PEO EIS") and the Chief Information Office/G6 ("CIO/G-6"). The five awardees are Booz Allen Hamilton, SRA International, Inc., Wyle Information System, LLC, Binary Group, Inc., and Savantage Solutions. As a successful awardee, BAH was an intervenor in six bid protests at the Government Accountability Office ("GAO") regarding the Army's evaluation of proposals and award decisions. L-3 was one of the

protesters at GAO. The six bid protests were dismissed by the GAO as a result of Femme Comp. Inc. bid protest filing with this Court.

**2.** BAH should be permitted to intervene in this action as a matter of right. RCFC 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action . . .when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

BAH is clearly an "interested party" for purposes of the Rule, as well as under the applicable jurisdictional statute, 28 U.S.C. § 1491(b)(1). Generally, parties "whose direct economic interest would be affected by the award of the contract or by failure to award the contract" qualify as interested parties and are permitted to intervene in bid protests under RCFC 24. *Galen Med. Assocs., Inc. v. United States*, 56 Fed. Cl. 104, 108 (2003) (quoting *American Fed. of Gov't Employees v. United States,* 258 F.3d 1294, 1299-1302 (Fed Cir. 2001). The solicitation generally called for award of at least five contracts. BAH was awarded a contract under the solicitation criteria as one of three awardees where business size status was not a consideration. L-3 is a large business and submitted an offer for award under the solicitation criteria for the three awards that were made without regard to business size status. Accordingly, BAH's direct economic interest would be affected by award of a contract to L-3.

This Court regularly permits contract awardees to intervene in bid protest actions (*e.g., CIGNA Gov't Services, LLC v. United States,* 70 Fed. Cl. 100, 109 (2006); *Four Points by Sheraton v. United States,* 66 Fed. Cl. 776, 777-78 (2005); *International Res.*

*Recovery, Inc. v. United States,* 60 Fed. Cl. 1, 1 & n.2 (2004)) and BAH's interest in its contract award fully justifies intervention in this case. As the Federal Circuit has explained, "the requirements for intervention are to be construed in favor of intervention." *American Mar. Transport, Inc. v. United States,* 870 F.2d 1559, 1561, (Fed. Cir. 1989). Indeed, the liberal construction of Rule 24(a)(2) stems from its focus on practicality, a focus that itself was a reaction to the narrower, original, version of the Rule. *See Northrop Grumman Info. Tech. v. United States,* 74 Fed. Cl. 407, 412 (2006).

Although the Department of Justice will presumably defend the Army's award decisions at issue in this bid protest in a zealous manner, BAH is in the best position to describe to the Court issues related to its proposal as well as the harm BAH would suffer in the event the Court upheld the protest against the awards. Moreover, BAH's business interests as the awardee are not necessarily identical with, and may differ from, the United States' institutional interest in this matter.

**3.** BAH's application for intervention is timely. The bid protest was filed on or about June 16, 2008. BAH to intervene to protect its rights and interests will not prejudice the existing parties in any meaningful way. BAH currently intends to protect its rights as intervenors generally do in bid protests before the Court, *i.e.* to file briefs and make arguments in tandem with the government. L-3 's interests will not be harmed any more than the typical plaintiff in a bid protest action, who must litigate against aligned parties.

**4.** BAH seeks to intervene so that its counsel can obtain access to the protected record and defend movant/intervenor's interests at issue in this lawsuit. For the reasons

stated above, BAH respectfully urges the Court to grant its motion to intervene at this time.

Respectfully Submitted,

Marcia G. Madsen

Marcia G. Madsen
MAYER BROWN LLP
1909 K Street, NW
Washington, D.C. 20006
(202) 263-3000
(202) 263-3300 Facsimile

Of Counsel:

Roger Waldron
MAYER BROWN LLP
Washington, D.C.
*Counsel for Movant/Intervenor, Booz Allen Hamilton Inc.*
June 20, 2008